UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD J.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 3:20-CV-5013-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

    Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

    After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he improperly discounted Dr. Stacy Donlon's opinion. As the ALJ's error is not harmless this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to

the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On January 11, 2017, Plaintiff filed an application for DIB, and on August 21, 2017, he filed an application for SSI. *See* Dkt. 14, Administrative Record ("AR") 15. Plaintiff alleges disability as of June 30, 2016 for both applications. *See* AR 15. The applications were denied upon initial administrative review and on reconsideration. *See* AR 15. A hearing was held before ALJ Malcolm Ross on July 31, 2018. *See* AR 15. In a decision dated October 31, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 27. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) evaluating Dr. Donlon's opinion; (2) discounting Plaintiff's testimony; and (3) discounting the lay witness testimony. Dkt. 16.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.     Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff asserts the ALJ improperly evaluated Dr. Donlon's opinion. Dkt. 16, pp. 4-8.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Donlon, Plaintiff's treating neurologist, completed a medical source statement outlining her treatment of Plaintiff. AR 818-819. Dr. Donlon indicated Plaintiff is diagnosed with Multiple Sclerosis ("MS"), relapsing remitting. AR 818. She noted Plaintiff's gait has changed "due to weakness in [his] legs and numbness localized mainly in [his] right leg." AR 818. Dr. Donlon indicated Plaintiff experiences vertigo and balance problems. AR 818. She opined Plaintiff's MS symptoms worsen with activity and stress and indicated Plaintiff would miss four or more days from work per month due to his conditions. AR 818. She further opined Plaintiff is unable to lift at least two pounds or to stand/and or walk. AR 819. Finally, Dr. Donlon noted Plaintiff could handle and reach for up to 1/3 of the work day. AR 819.

The ALJ gave low weight to Dr. Donlon's opinion because "[Plaintiff's] testimony shows that Dr. Donlon has so drastically underestimated [Plaintiff's] actual physical abilities, … her opinion cannot be considered a reliable assessment of [Plaintiff's] functioning." AR 24. The ALJ

also noted Plaintiff's testimony that "his current job, which he had performed for approximately 7-months prior to the hearing, required him to lift as much as 25 to 30 lbs" contradicts Dr. Donlon's opinion that Plaintiff is unable to lift even two pounds on an ongoing basis. *See* AR 24.

An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides her own observations in support of her assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1199-1200).

Here, the ALJ has not explained how Dr. Donlon's opinion is based "to a large extent" on Plaintiff's subjective complaints. In contrast, Dr. Donlon treated Plaintiff several times and reviewed his history, conducted or ordered and reviewed various tests and exams, prescribed medication, and made diagnoses. *See* AR 656-658, 699-703, 731-733, 752-757. For example, in March 2018, Dr. Donlon reviewed Plaintiff's records, conducted an interview and physical examination, made diagnoses, prescribed medication, and noted that Plaintiff had difficulty with memory and that Plaintiff's stamina and urogenital control were abnormal. AR 752-757. Accordingly, because the ALJ failed to show how Dr. Donlon's opinion is based "to a large extent" on Plaintiff's subjective complaints, the ALJ's reason for discounting Dr. Donlon's opinion is not specific and legitimate and supported by substantial evidence.

1     For this reason, the Court finds the ALJ failed to provide specific, legitimate reasons
2 supported by substantial evidence for discounting Dr. Donlon's opinion. Accordingly, the ALJ
3 erred.
4     "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*,
5 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial
6 to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout
7 v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at
8 1115. The determination as to whether an error is harmless requires a "case-specific
9 application of judgment" by the reviewing court, based on an examination of the record made
10 "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d
11 at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).
12    Had the ALJ given great weight to Dr. Donlon's opinion, the ALJ may have included
13 additional limitations in the residual functional capacity ("RFC"). Dr. Donlon opined Plaintiff
14 would miss four or more days from work per month due to his conditions. AR 818. In contrast,
15 in the RFC, the ALJ did not include any limitations regarding absenteeism. *See* AR 20.
16 Therefore, if Dr. Donlon's opinion was given great weight and additional limitations were
17 included in the RFC and in the hypothetical questions posed to the vocational expert, the
18 ultimate disability determination may have changed. Accordingly, the ALJ's errors are not
19 harmless and require reversal. The ALJ is directed to reassess Dr. Donlon's opinion on
20 remand.
21    **II.    Whether the ALJ properly considered Plaintiff's testimony and the lay witness testimony.**
22
23    Plaintiff asserts the ALJ improperly considered his testimony regarding his symptoms. Dkt.
24 16, pp. 8-15. Plaintiff also asserts the ALJ improperly discounted the lay witness testimony. *Id.* at

pp. 15-16. The Court concludes the ALJ committed harmful error in assessing the Dr. Donlon's opinion and must re-evaluate it on remand. *See* Section I, *supra*. Because Plaintiff will be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's testimony and the lay witness testimony, the ALJ must reconsider Plaintiff's testimony and the lay witness testimony on remand.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 6th day of October, 2020.

David W. Christel
United States Magistrate Judge